IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01093-MSK-PAC

JEFFREY LYLE PROPHET,

      Applicant,

v.

TONY CAROCHI, Warden and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

      The matter before the court is Jeffrey Prophet's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed on June 14, 2005.   An Order of Reference referred the Application to the undersigned for a recommendation on disposition. Respondents filed their Answer on September 12, 2005.  Applicant filed his Traverse on October 19, 2005.  The Application is ripe for disposition.

I.

      On March 10, 2000, Applicant was convicted of second degree murder and second degree assault in the Fremont County District Court pursuant to his guilty pleas.[1]  He was sentenced to a prison term of forty-eight years for the second degree murder conviction, and a consecutive twelve year term for the assault conviction.

---

[1]Applicant shot his girlfriend to death as she ran away from their house. (Traverse, at 1; Answer, at 4)  Applicant was charged originally with first degree murder, third degree assault and two counts of tampering with physical evidence.

Applicant asserts two claims in his §2254 Application:  (1) that his guilty plea was not knowing and voluntary, as required by the Fourteenth Amendment Due Process Clause, because he was under the influence of the prescription medication Restoril at the time he entered the plea; and (2) that his Sixth Amendment right to effective assistance of counsel was violated when plea counsel failed to advise the trial court that Applicant was taking Restoril at the time Applicant pleaded guilty, and by counsel's failure to investigate or advise Applicant of the viable defense of heat of passion.   The Application was timely filed under the one-year period prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132 (effective April 24, 1996).

II.

Respondents argue that Applicant failed to exhaust part of his second claim, that trial counsel failed to investigate and advise Applicant about a heat of passion defense, and has therefore procedurally defaulted that claim.

A state prisoner must ordinarily exhaust available state court remedies prior to seeking federal habeas corpus relief by providing the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. §2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is satisfied if the federal claims have been presented properly to the highest state court, either on direct appeal or in a post conviction attack.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999);  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

A procedural default occurs if a state court has denied a federal habeas applicant's

2

claim on the basis of a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) A federal habeas court may not address the merits of a claim denied by the state courts on procedural grounds unless the applicant can demonstrate cause for the procedural default and actual prejudice resulting from the constitutional violation; or, that a fundamental miscarriage of justice will occur if the federal court does not consider his claims. *Coleman*, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the prisoner must show "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). To excuse a procedural default under the fundamental miscarriage of justice exception, the applicant must demonstrate that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray,* 477 U.S. at 496.

Applicant raised the failure-to-investigate portion of his ineffective assistance of counsel claim for the first time on appeal of the trial court's order denying his second state post conviction motion. (Respondents' Ex. A) The Colorado Court of Appeals ("CCA") did not reach the merits of the claim, but instead concluded that the claim was procedurally barred because Applicant failed to first present it to the trial court. (*People v. Prophet*, CCA Case No. 03CA2016 (January 13, 2005), at 3, attached to Application)

3

I recommend finding that Applicant's claim of ineffective assistance of counsel based on counsel's alleged failure to investigate a heat of passion defense is procedurally barred because the CCA disposed of the claim on an adequate and independent state ground. "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998)(internal quotations and citation omitted). A state ground is adequate if it is "strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotations and citations omitted).

Because the CCA relied expressly on the state procedural bar, the state procedural ground is independent. *Hickman*, 160 F.3d. at 1271. The state procedural rule is adequate because it has been followed regularly and applied evenhandedly to all similar claims. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996)(stating that allegations of ineffective assistance of counsel not raised in post conviction motion before the trial court are not properly postured for appellate review); *see, also, People v. Simms*, 523 P.2d 463, 465 (1974)(citing *People v. McClellan*, 515 P.2d 1127 (1973)); *People v. Hampton*, 857 P.2d 441, 445-46 (Colo.App.1992), *aff'd on other grounds in* 876 P.2d 1236 (Colo.1994); *People v. Jackson*, 109 P.3d 1017, 1019 (Colo.App. 2004). Accordingly, I do not reach the merits of Applicant's claim unless he can show cause for his procedural default and resulting prejudice, or that he is actually innocent.

In his Traverse, Applicant asserts that he "forgot" to raise the claim in his post conviction motion in the state trial court because of his limited knowledge of the law and that the CCA prevented him from raising the claim later by denying his motion for limited

remand.   Applicant's *pro se* status is not by itself sufficient to excuse his procedural default.   *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991).   Applicant was required to raise all of his claims before the trial court before seeking relief in the CCA. Moreover, Applicant has not stated facts to show that he is actually innocent of the crimes to which he pleaded guilty.   Accordingly, Applicant's ineffective assistance of counsel claim that is based on counsel's failure to investigate a heat of passion defense should be dismissed as procedurally defaulted.   I address Applicant's remaining claims on the merits.

III.

The writ of habeas corpus is available to a person in custody pursuant to the judgment of a state court if his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. §2254(a).

Under the AEDPA,  federal habeas relief will not be granted on a constitutional claim adjudicated on the merits in the state courts unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented."   28 U.S.C. §2254(d)(1) and (2).   In *Williams v. Taylor*, 529 U.S. 362, 405-06  (2000), the Supreme Court held that a state court decision is "contrary to" Supreme Court precedent only when it "arrives at a conclusion opposite to that reached by this Court on a question of law," or if the state court "decides a case differently than this Court has on a set of materially indistinguishable facts."   The state court decision need not cite Supreme Court cases, as long as neither the reasoning nor the result of the state court determination contradicts

5

Supreme Court law. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court decision involves

an "unreasonable application" of Supreme Court precedent if the state court "identifies the

correct governing legal principle from this Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 407-08. An application

is not unreasonable merely because the habeas court determines it to be incorrect. *Id.*

at 411.

The federal habeas court presumes that the state courts' determination of factual

issues is correct. 28 U.S.C. §2254(e)(1); *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th

Cir. 1999). The Applicant bears the burden to rebut the presumption with clear and

convincing evidence. *Id.*

A.    Claim that Applicant's Guilty Plea Violated Due Process

Applicant claims that his guilty pleas were not knowing and voluntary because he

was under the influence of a prescription medication, the sleep aid Restoril, at the time he

entered the plea.

A guilty plea must be knowing and voluntary to comport with due process. *Boykin*

*v. Alabama*, 395 U.S. 238, 242-244 (1969); *see, also, Hill v. Lockhart*, 474 U.S. 52, 56

(1985)(stating that a guilty plea is constitutionally valid if it "'represents a voluntary and

intelligent choice among the alternative courses of action open to the defendant'")(quoting

*North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). The defendant must understand the

nature of the charges against him and be aware of the consequences of his guilty plea.

*Boykin,* 395 U.S. at 243-44.

Applicant advised the trial court at the providency proceeding that he reviewed the

terms of the plea agreement with his counsel, that he was not under the influence of any drugs or other substance that might affect his ability to understand the proceedings, that he understood the proceedings, and that his guilty plea was a free and voluntary act. (*See* Petition, Ex. 4)

On appeal of the trial court's order denying his state post conviction motion, the CCA concluded that the record as a whole demonstrated that Applicant's guilty pleas were knowing and voluntary based on the following:

> [A]t the providence hearing, the trial court gave defendant a thorough advisement concerning the terms of his plea agreement, the rights he was waiving by pleading guilty, the elements of the crimes to which he was pleading guilty, and the consequences of entering such pleas. Defendant confirmed his understanding of this advisement and there is no evidence in the record that he was confused or otherwise mentally impaired at that time. Defendant gave coherent answers to all the court's questions, and at no time did he inform the court that he was taking the drug Restoril, let alone that he was impaired by it. Indeed, defendant specifically denied, both orally and in writing, that he was under the influence of any drugs, alcohol or other substance that might make it difficult for him to understand what he was doing.

(*See People v. Prophet*, CCA Case No. 03CA2016, attached to Application, at 2-3) The CCA further found that defense counsel signed a written agreement indicating that he had thoroughly reviewed the plea agreement with Applicant and confirming that, in counsel's professional opinion, the Applicant was entering into the agreement "freely and voluntarily and with a full understanding of his legal rights." (*Id.* at 2)

Conclusory assertions that a guilty plea was not knowing or voluntary are insufficient to overcome the presumption of verity accorded to a defendant's representations at the providency hearing:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the providency] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory assertions unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Applicant has submitted relevant pages from the Fremont County Jail Medication Log Sheet, along with his medical records from the Fremont County jail, to show that he was taking the prescription drug Restoril at the time of the providency hearing on March 10, 2000 and for approximately five weeks before that date. (Petition, Ex. 1(a), 1(f), (g)) The medication was prescribed in response to Applicant's complaints about insomnia. (*Id.*, Ex. 1(a))   The medical records show that the medication was dispensed to Applicant at 10:00 p.m. each day. (*Id.*, Exs. 1(f) and (g))

Applicant also submits a document of unknown origin which states that "confusion" may be a side effect of the medication. (Petition, Ex. 3) Another document of unknown origin proffered by Applicant indicates that the effectiveness of Restoril diminishes if it is used every night for more than a few weeks. (Petition, Ex. 2)

Applicant's "evidence" is not sufficient to show that the medication Restoril may have impaired him mentally at the time he pleaded guilty. Applicant is thus not entitled to an evidentiary hearing on his due process claim. Because Applicant has not provided evidence adequate to overcome the presumption of verity accorded to Applicant's representations at the providency hearing, I recommend finding that the CCA's conclusion

8

that Applicant understood the nature and consequences of the charges against him and that he voluntarily chose to plead guilty was not contrary to, or an unreasonable application of, Supreme Court law.  Applicant's due process claim should be dismissed.

B.      Ineffective Assistance of Plea Counsel

Applicant next claims that his plea counsel was constitutionally ineffective in allowing Applicant to enter guilty pleas while Applicant was taking Restoril.  Applicant states that counsel failed to advise the trial court that Applicant was taking Restoril at the time of the providency hearing and that counsel instructed Applicant prior to the hearing that he should  deny being under the influence of any drugs in response to the court's questions.     To prove that his plea was involuntary because it was induced by ineffective assistance of counsel, Applicant must demonstrate that: (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)(applying *Strickland* test to counseling of a guilty plea).  To satisfy the prejudice prong of his ineffective assistance of counsel claim, Applicant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hill*, 474 U.S. at 59.

The CCA rejected Applicant's ineffective assistance of counsel claim on the ground that Applicant had failed to show that his judgment was impaired by the medication, and, therefore, Applicant could not demonstrate that he was prejudiced by counsel's failure to advise the court that Applicant was taking Restoril at night at the time he entered his guilty pleas.  (*People v. Prophet*, CCA Case No. 03CA2016, attached to Application, at 3)

9

Applicant does not allege, or state specific facts to show, that counsel coerced him to plead guilty. Instead, Applicant challenges counsel's failure to advise the court that he was taking the sleep aid medication Restoril at the time of his plea. However, because there is no evidence that the medication impaired Applicant mentally, counsel's failure to advise the court about the medication was not professionally unreasonable, nor did the non disclosure render Applicant's guilty pleas invalid.

Applicant's reliance on *Upshaw v. Singletary*, 70 F.3d 576 (11th Cir. 1995) in support of his claim is misplaced.  In *Upshaw*, the habeas petitioner claimed that his trial counsel was ineffective for instructing and persuading the petitioner to perjure himself to the court by denying that he was under the influence of drugs during the providency proceeding, thereby rendering his plea involuntary.  70 F.3d at 578.  In support, the petitioner alleged that he suffered from mental illness since childhood, that he had been hospitalized for psychiatric treatment shortly before setting fire to his former girlfriend's home, and that he was under the influence of psychotropic drugs when he set the fire.  He further alleged that during pretrial detention, he was kept under a suicide watch and received psychiatric treatment and medications, including psychotropic drugs.  *Id.*  The Eleventh Circuit reversed the district court's order denying the petitioner's claim as procedurally defaulted and remanded the case for an evidentiary hearing.  *Id.* at 579-80.

*Upshaw* does not assist the Applicant here because according to Applicant's own documents, Restoril is not a psychotropic medication and there is nothing in the record to show that the effect of that medication mentally impaired Applicant at the time of his providency proceeding.  Moreover, Applicant was not suicidal, but instead suffered from

insomnia - not surprisingly, given that Applicant was awaiting trial on a first degree murder charge.

Because Applicant has failed to show that he was mentally impaired at the time he pleaded guilty, he likewise cannot show that he was prejudiced by counsel's failure to advise the court that Applicant was taking Restoril at the time of the providency proceeding.  Accordingly, I recommend finding that the CCA's resolution of Applicant's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, *Strickland*.  Applicant's claim should be dismissed.

IV.

For the reasons discussed above, it is

**RECOMMENDED** that Jeffrey Prophet's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 , filed on June 14, 2005, be **DENIED**.  It is

**FURTHER RECOMMENDED** that the §2254 Application be **DISMISSED WITH PREJUDICE.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate**

11

**judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated February 28, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge