IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01093-MSK-PAC

JEFFREY LYLE PROPHET,

        Petitioner,

v.

TONY CAROCHI,  Warden,  and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

---

**OPINION AND ORDER OVERRULING OBJECTIONS TO RECOMMENDATION AND
DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

THIS MATTER comes before the Court on the Petitioner's Objections (**#13**) to the

Magistrate Judge's Recommendation (**#12**) that his Application for a Writ of Habeas Corpus (**#3**)

be denied.  Having considered the matter *de novo*, the Court finds and concludes as follows.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254.

### II.  Background

The Petitioner, Jeffrey Lyle Prophet, pled guilty in the Fremont County District Court in

Canon City, Colorado, to second degree murder and second degree assault.  He was sentenced to

48 years in the custody of the Colorado Department of Corrections.

Mr. Prophet appealed his sentence to the Colorado Court of Appeals. The Colorado Court

of Appeals dismissed the appeal because the sentence was within the range allowed by his plea

agreement.  Mr. Prophet filed a Petition for Writ of Certiorari in the Colorado Supreme Court.

The Colorado Supreme Court denied the petition.

Mr. Prophet filed a motion in the trial court to correct his sentence.[1]  The trial court summarily denied the motion.  Mr. Prophet appealed.  His appeal was dismissed, for reasons not apparent in the record.

Mr. Prophet filed a motion in the trial court "to hear new evidence."  He contended that at the time he entered his guilty plea, his attorney failed to present evidence that he was impaired by the medication Restoril, a sleep aid.  The trial court denied the motion because at the time of his guilty plea, Mr. Prophet denied being under the influence of any drugs and the transcript supported a determination that he "entered his plea freely, voluntarily, intelligently and knowingly."

Mr. Prophet appealed.  He argued that: (1) his plea was unconstitutional because he was under the influence of Restoril at the time of such plea; (2) his trial counsel was ineffective for failing to investigate the heat of passion defense; and (3) his trial counsel was ineffective for allowing him to enter into a plea agreement while under the influence of Restoril.  The Colorado Court of Appeals concluded that the record as a whole showed that Mr. Prophet's plea was constitutionally valid.  It stated:

> Here, at the providency hearing, the trial court gave the defendant a thorough advisement concerning the terms of his plea agreement, the rights he was waiving by pleading guilty, the elements of the crimes to which he was pleading guilty, and the

---

[1] Such motion is not part of the record before this Court.  Therefore, the Court cannot determine what arguments were presented to the trial court.  However, no party contends that any claims in Mr. Prophet's habeas application were presented to the state court in the first post-conviction motion.

consequences of entering such pleas.[2]  Defendant confirmed his understanding of this advisement and there is no evidence in the record that he was confused or otherwise mentally impaired at that time.  Defendant gave coherent answers to all the court's questions, and at no time did he inform the court that he was taking the drug Restoril, let alone that he was impaired by it.  Indeed, defendant specifically denied, both orally and in writing, that he was under the influence of any drugs, alcohol or other substance that might make it difficult for him to understand what he was doing.

In addition, defendant's attorney signed a written statement indicating that he had thoroughly reviewed the plea agreement with defendant and that, in his professional opinion, defendant was entering into the agreement "freely and voluntarily and with a full understanding of his legal rights."

---

[2]     At the time he entered his guilty plea, Mr. Prophet and the trial court engaged in the following colloquy:

THE COURT: This plea agreement does purport to bear a signature over the line for Jeffrey Lyle Prophet.  Is this in fact your signature?
THE DEFENDANT: Yes.
THE COURT: Did you read this document before you signed it?
THE DEFENDANT: Yes.
THE COURT: Did you have a chance to go over it with your attorney, Mr. Lusero [sic]?
THE DEFENDANT: Yes.
THE COURT: Do you want more time to go over it with Mr. Lusero?
THE DEFENDANT: No.
THE COURT: Are you under the influence of any drugs, alcohol or any other substance which might make it difficult for you to understand what's happening here today?
THE DEFENDANT: No.
THE COURT: Do you believe you do understand what's happening here today?
THE DEFENDANT: Yes.
THE COURT: Is that all right with you?
THE DEFENDANT: Yes.
                              ***
THE COURT: Is anybody forcing you to enter into this plea agreement, Mr. Prophet?
THE DEFENDANT: No.
THE COURT: This is your free and voluntary act?
THE DEFENDANT: Yes.
THE COURT: Is there anything in the written plea agreement that you don't understand?
THE DEFENDANT: No.
THE COURT: Is there anything in my advisement that you don't understand?
THE DEFENDANT: No.
THE COURT: Is there anything you would like to talk over further with your attorney?
THE DEFENDANT: No.

It also rejected his claim that counsel was ineffective by failing to inform the trial court that he was under the influence of Restoril, because Mr. Prophet established no prejudice.  As for the remaining contention of ineffective assistance of counsel, the appellate court did not consider it because it was not presented to the trial court in a post-conviction motion.

Mr. Prophet filed a motion[3] asking the Colorado Court of Appeals to allow him to present his unexhausted claim in a limited remand.  It denied the motion.  Mr. Prophet then filed a Petition for Writ of Certiorari.  The Colorado Supreme Court denied the petition.

Mr. Prophet now seeks a writ of habeas corpus from this Court.  In his Application, he asserts the following claims: (1) his guilty plea was not free or voluntary because he was under the influence of a prescription medicine, Restoril, before and at the time he entered such plea; (2) at the time of his plea, Mr. Prophet was denied the effective assistance of counsel because his attorney failed to advise the trial court that he was under the influence of Restoril and instructed him to deny being under the influence of drugs; and (3) his defense counsel was ineffective because he failed to investigate or advise Mr. Prophet of the "heat of passion" defense.[4]  He requests an evidentiary hearing.

With his Application, Mr. Prophet submits information regarding Restoril.  Some of its reported but "less common or rare" adverse reactions include amnesia, confusion, depression, hallucinations, anxiety and agitation, but Mr. Prophet proffers no evidence to suggest that he suffered from any adverse reactions while taking Restoril.

--------

[3] Such motion is not part of the record.

[4] Mr. Prophet actually asserts a single ineffective assistance of counsel claim premised upon two different actions by defense counsel.  For simplicity, the Court treats it as two separate claims.

The Magistrate Judge recommends that the Application be denied. In particular, she recommends that Claims 1 and 2 be denied on the merits and that Claim 3 be denied as procedurally barred. Mr. Prophet objects to the Recommendation in its entirety.

### III. Issue Presented

The Court must determine whether Mr. Prophet is entitled to a writ of habeas corpus.

### IV. Analysis of Habeas Claims

Because Mr. Prophet objects to the Recommendation, the Court reviews his Claims *de novo*. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). Mr. Prophet is *pro se*, therefore the Court construes all of his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### A. Exhaustion of Claims and Procedural Default

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* at 842, 844. To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845.

Claims are procedurally barred and not subject to review on the merits if they were presented to the state court and the state court found them to be procedurally barred. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). A procedural bar exists when the claim has been defaulted under an adequate and independent state procedural rule. *See Anderson v. Attorney General of State of Kansas*, 342 F.3d 1140, 1143 (10th Cir. 2003). To be adequate, the state procedural rule must have been firmly established and regularly followed as of the time of the

5

purported default.  *See id.*  If the last reasoned opinion on the claim explicitly imposes a procedural bar, the Court is to presume that a later decision rejecting the claim is also premised upon a procedural bar.  *See Ylst*, 501 U.S. at 803.

A procedural bar may be excused upon a showing of cause and actual prejudice or a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). "Cause" usually requires a showing of an external impediment which prevented a petitioner from raising the claim.  *See Murray v. Carrier*, 477 U.S. 478, 492 (1986).  A fundamental miscarriage of justice is an extraordinary circumstance which occurs when a constitutional violation probably has caused the conviction of one innocent of the crime.  *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Claim 3 is procedurally barred.  Mr. Prophet did not present it to the trial court in a motion for post-conviction relief.  Although he asserted the claim in his appeal from the denial of a post-conviction motion, the appellate court declined to consider the claim on the basis that it was barred under the state's procedural rules.  This constitutes an adequate and independent state procedural bar.  *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996).  Mr. Prophet has not established cause for his failure to assert the claim in a proper fashion, nor has he established resulting prejudice.  He also has not shown that there will be a fundamental miscarriage of justice if this Court declines to consider Claim 3 on the merits.  Therefore, the Court does not consider Claim 3 on the merits.

**B.  Merits Review of Claims 1 and 2**

<u>**Standard of Review**</u>

The Court reviews Mr. Prophet's Claims under 28 U.S.C. § 2254(d), which provides:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" Supreme Court precedent if it applies a rule that contradicts a Supreme Court case or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting from *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A decision involves an "unreasonable application" of Supreme Court precedent if the state court applied the precedent in an objectively unreasonable manner. *See Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation omitted). Any factual findings made by the state court are presumed to be correct, and it is Mr. Prophet's burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Rice v. Collins*, _ U.S. _, 126 S. Ct. 969 (2006).

## Claim 1

In Claim 1, Mr. Prophet contends that his guilty plea was not voluntary because he was under the influence of Restoril, a sleep aid, before and at the time he entered such plea. The Sixth Amendment to the United States Constitution guarantees a jury trial to a defendant facing criminal charges. A waiver of this right must be voluntary and intelligent. *See Alabama v. Smith*, 490 U.S. 794, 801 (1989).

The state courts concluded that Mr. Prophet's guilty plea was voluntary and intelligent. Such determination was not contrary to, nor an unreasonable application of, Supreme Court precedent. To the extent it is premised upon factual findings, it is presumed correct. After all, the trial court was in the best position to evaluate Mr. Prophet's demeanor at the time he entered his guilty plea. Mr. Prophet has not proffered any evidence to rebut such findings. His only proffer is that in rare circumstances, Restoril has side effects such as confusion and hallucinations, but not that he suffered from such side effects. There is no need for an evidentiary hearing. Mr. Prophet is not entitled to relief on Claim 1.

### Claim 2

Mr. Prophet alleges in Claim 2 that his counsel was ineffective because he failed to advise the trial court that Mr. Prophet was taking Restoril and advised Mr. Prophet to conceal this fact from the trial court. The Sixth Amendment to the Constitution guarantees the effective assistance of counsel to defendants in criminal cases. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). When a convicted individual contends that he has been denied the effective assistance of counsel, the Court evaluates "whether counsel's conduct so undermined the proper functioning of the adversarial process" that the conviction is not just. *See id.* This entails a two-pronged analysis: (1) the petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the petitioner must show that he was prejudiced by the deficiency because "but for" the deficiency, the result of the proceeding would have been different. *See id.* at 687, 694. In undertaking this analysis, the Court must be highly deferential to the strategic decisions made by defense counsel, and there is a strong presumption that counsel's conduct was reasonable. *See id.* at 689-90. A petitioner's failure to establish either

8

deficient performance or prejudice is an independently sufficient basis for denying an ineffective assistance of counsel claim. *Id.* at 697.

The state courts rejected this claim because Mr. Prophet did not demonstrate that he was prejudiced by his counsel's performance. Such determination was neither contrary to, nor an unreasonable application of, Supreme Court precedent. To the extent such determination is factual, Mr. Prophet has proffered no facts to rebut it.

**IT IS THEREFORE ORDERED** that:

(1)     Mr. Prophet's Objections **(#13)** to the Recommendation **(#12)** are **OVERRULED**.

(2)     The Application for a Writ of Habeas Corpus **(#3)** is **DENIED**.

(3)     The Clerk of Court is directed to close this case.

Dated this 25th day of April 2006.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge